OPINION
{¶ 1} Defendant-appellant Collin Crumrine appeals the Canton Municipal Court's denial of his Motion to Suppress. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On May 24, 2002, appellant was charged with driving while intoxicated in violation of R.C. 4511.19(A)(1), (A)(6), a misdemeanor of the first degree, and an open container charge in violation of R.C.4301.62, a minor misdemeanor. At his arraignment on May 29, 2002, appellant entered a plea of not guilty to both charges.
 {¶ 3} Thereafter, on June 11, 2002, appellant filed a Motion to Suppress. Appellant, in his motion, sought an order from the trial court "suppressing all evidence obtained as a result of an illegal stop because the arresting officer . . . lacked reasonable suspicion to stop the Defendant's vehicle." The following testimony was adduced at the August 5, 2002, suppression hearing.
 {¶ 4} On May 24, 2002, Deputy Terry Spidell of the Stark County Sheriff's Department was working at the Westwood Wine Shoppe, a drive thru, as part of the "Cops in Shops" program. The "Cops in Shops" program places plain clothes officers in carry-outs and drive-thrus to check for underage sales of alcohol and/or cigarettes. The officers in the program work alongside regular employees. According to Deputy Spidell, there were posters in the drive-thru stating that the drive-thru employee may be an undercover police officer.
 {¶ 5} While he was working, the Deputy noticed a gold Ford Tempo, which was driven by appellant. According to Deputy Spidell, who was taking orders at the drive-thru, "[t]he operator of the vehicle pulled in and, . . . said `Hey are you the welcoming committee?' or something." Transcript of Suppression Hearing at 9. The Deputy further testified that he could immediately tell that appellant was intoxicated since appellant's speech was slurred, his eyes were red and he smelled of alcohol. The Deputy also observed open containers of beer on the passenger side floor of appellant's car.
 {¶ 6} After taking appellant's order for "more beer", the Deputy leaned into appellant's car at the check out and identified himself as a Deputy Sheriff and asked appellant if he had been drinking. Transcript of Suppression Hearing at 15. According to the Deputy, appellant responded "`Yeah, a little' or something". Transcript of Suppression Hearing at 10. After appellant proceeded through the drive-thru, Deputy Spidell had appellant pull over and park on private property. At that time, the Deputy had appellant perform field sobriety tests and then arrested appellant for driving while intoxicated and open container violations.
 {¶ 7} As memorialized in a Judgment Entry filed on August 8, 2002, the trial court overruled appellant's Motion to Suppress holding, in relevant part, as follows:
 {¶ 8} "The initial contact with defendant at the drive thru was the result of a consensual encounter. The officers assigned to the drive thru were not on traffic patrol and were present to prevent the sale of alcohol and cigarettes to minors. They were not required to be in a uniform or a marked patrol car. The Fourth Amendment is not implicated in a consensual encounter.
 {¶ 9} "Further, as the defendant entered the drive thru, open containers of alcoholic beverages were present in plain view on the passenger's side floor. The officers had reasonable and articulable suspicion to stop defendant's vehicle upon viewing the open containers of alcoholic beverages. The odor of an alcoholic beverage, defendant's slurred speech, his demeanor and his admission that he had consumed alcohol gave rise to sufficient probable cause for the arrest of the defendant."
 {¶ 10} Thereafter, on August 12, 2002, appellant appeared before the trial court and entered pleas of no contest to both charges. With respect to the driving while intoxicated charge, appellant was fined $550.00 and ordered to serve 180 days in jail. However, all but eight days were suspended on condition of good behavior for two years. Appellant also was given credit for two days served and ordered to complete the Driver's Intervention Program. Appellant's driving privileges were also suspended for a period of 180 days. Finally, appellant was ordered to pay court costs with respect to both charges.
 {¶ 11} Appellant now raises the following assignments of error on appeal:
 {¶ 12} "I. The trial [sic] erred in overruling appellant's motion to suppress by finding that reasonable suspicion to stop the defendant's vehicle had been established when it is contradictory to the testimony of the deputy that he had not witnessed any impaired or erratic driving on part of the defendant.
 {¶ 13} "II. The trial [sic] erred in overruling appellant's motion to suppress by finding that this stop of the defendant's vehicle was a consensual encounter."
 I, II {¶ 14} Appellant, in his first assignment of error, challenges the trial court's denial of his Motion to Suppress. Appellant specifically contends that the trial court erred in finding that Deputy Spidell had a reasonable, articulable suspicion to stop appellant's vehicle.
 {¶ 15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v.Curry (1994), 95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor
(1993), 85 Ohio App.3d 623, 620 N.E.2d 906; Guysinger, supra. As the United States Supreme Court held in Ornelas v. U.S., (1996), 517 U.S. 690116 S.Ct. 1657, 134 L.E2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 16} Both the Fourth Amendment to the United States Constitution and Article I, Sec. 14 of the Ohio Constitution prohibit unreasonable searches and seizures. An investigatory stop is permissible if a law enforcement officer has a reasonable suspicion, based on specific and articulable facts, that the individual to be stopped may be involved in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 21-22,88 S.Ct. 1868, 20 L.Ed.2d 889. When determining whether or not an investigative traffic stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. State v. Bobo (1988),37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, cert. denied (1988), 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252.
 {¶ 17} When a police officer merely approaches a person seated in a parked car, no "seizure" of the person occurs so as to require reasonable suspicion supported by specific and articulable facts. Statev. Johnston (1993), 85 Ohio App.3d 475, 478, 620 N.E.2d 128. These encounters fall outside the Fourth Amendment. Id.
 {¶ 18} In the case sub judice, Deputy Spidell did not stop the appellant's vehicle or request that appellant pull his vehicle over. Rather, as is stated above, at the suppression hearing, the Deputy testified that appellant pulled up to the Deputy while he was working in plain clothes at the drive-thru so that the Deputy could take appellant's order. Since no stop occurred, the Deputy did not need reasonable and articulable suspicion to approach appellant's vehicle. See State v.Kegley (May 17, 1996), Ashland App. No. 95-COA-1126, in which this Court held that a stop had not occurred when a Patrolman pulled up behind a vehicle that was already stopped. See State v. Woodgeard, Fairfield App. No. 01CA50, 2002-Ohio-3936.
 {¶ 19} Assuming, arguendo, that appellant's vehicle was stopped by the officers, we concur with the trial court that the deputies working at the drive-thru had a reasonable, articulable suspicion to stop the same. As is set forth above, Deputy Spidell testified that when appellant, who drove into the drive-thru, pulled up to the Deputy, "I could tell right away that he was intoxicated — slurred speech, red eyes, smelled of alcohol, . . ." Transcript of Suppression Hearing at 9. In addition, the Deputy testified that when appellant pulled in, he observed some open containers of beer on appellant's passenger floor board. When, after identifying himself, the Deputy asked appellant if he had been drinking, appellant responded that he had had "a little" to drink. Under the totality of the circumstances, we find that Deputy Spidell had a reasonable, articulable suspicion that appellant, who drove into the drive-thru, was driving while intoxicated.
 {¶ 20} Appellant's first assignment of error is, therefore, overruled.
 II {¶ 21} Appellant, in his second assignment of error, argues that the trial court erred in holding that the stop of appellant's vehicle was consensual. Consensual encounters between police and citizens do not implicate Fourth Amendment protections. Florida v. Royer (1982),460 U.S. 491, 497-498, 103 S.Ct. 1319, 75 L.Ed.2d 229.
 {¶ 22} However, assuming, arguendo, that the encounter was not consensual and that Fourth Amendment protections are implicated, such issue is moot since, based on the foregoing, we find that the officers had reasonable, articulable suspicion to stop appellant's vehicle.
 {¶ 23} Accordingly, the judgment of the Canton Municipal Court is affirmed.
By Edwards, J. Wise, P.J. and Boggins, J. concur
In Re: DUI — Motion to Suppress.